**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**NOTICE OF ASSIGNMENT**
**OF CASES FOR TRIAL**
**FEBRUARY 18, 2003**

---

Date and Location of Trial

Attached is a list of cases for trial before the undersigned beginning Tuesday, February 18, 2003, at 9:00 AM in courtroom #2 of the United States Courthouse, 7th Floor, 316 North Robert Street, St. Paul, Minnesota 55101. This calendar will run from **February 18, 2003 through March 3, 2003.** Although listed in the order in which they are expected to be tried, counsel are on notice that cases may be called out of order, and each case is deemed ready for trial as of February 18, 2003. Counsel should be aware that, upon receipt of this notice, the Magistrate Judge assigned to each case will be scheduling a full settlement conference. Further, a pretrial conference will be scheduled by the Court once it is aware of the day certain of each case to be tried.

Documents to be Submitted for Trial

Unless otherwise ordered, counsel shall deliver one copy of the following documents to opposing counsel, the originals and three additional copies shall all be marked to the attention of the Court's chambers and be delivered to 700 Federal Courts Building, 316 North Robert Street, St. Paul, MN 55101 by February 7, 2003.

1. Documents Required for all Trials:

   A. A statement of the case indicating the facts which the party intends to prove and indicating any unresolved substantive, evidentiary and procedural issues. The statement shall include the citation and discussion of authority upon which the party relies for its positions on the unresolved issues.

   B. Exhibit List. If exhibits are to be offered at trial, the following procedure must be followed:

      (i) Counsel shall, no later than February 4, 2003, mark all exhibits for identification. All exhibits shall be marked, as much as possible, in

JAN 0 7 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the sequence they will be offered, with Arabic numbers. Each exhibit should also be marked with the case number.

Example: Pltf. or Deft. #1

Civ. 3-84-2

(Multiple parties list name, e.g., Pltf. Smith #1)

(ii) Counsel shall, no later than February 4, 2003, make available for examination and, if requested, copying by all counsel, all exhibits which will be offered into evidence at trial. Only exhibits so made available shall be offered into evidence at trial, except for good cause shown.

(iii) Counsel shall, no later than February 11, 2003, submit directly to chambers the original and five copies of the list of exhibits that will be presented at trial on behalf of their client(s). The list shall indicate the exhibits the parties agree are admissible. For the exhibits not so agreed upon, the list shall include the grounds for objection. Only exhibits so listed shall be offered into evidence at trial, except for good cause shown.

C. Witness List. The list shall include the names and addresses of the witnesses, along with a short statement of the substance of the expected testimony of each witness. Only witnesses so listed shall be permitted to testify except for good cause shown. The Court requires the original and five copies of this list.

D. List of Deposition Testimony to be offered into evidence in lieu of live testimony. The list shall designate those specific parts of depositions to be offered at trial. Only depositions so listed shall be offered into evidence at trial except for good cause shown. Any party who wishes to object to listed deposition testimony shall submit objections by February 11, 2003.

E. Motions in limine must be received no later than February 4, 2003. Responses to motions in limine must be received no later than February 7,

2003. All motions and responses to those motions must be filed as outlined in Local Rule 5.1.

The originals and three additional copies shall all be marked to the attention of the Court's chambers and be delivered to 700 Federal Courts Building, 316 North Robert Street, St. Paul, MN 55101.

2. Additional Documents for Jury Trials. In all jury trials, counsel shall submit the following documents in addition to those listed above:

A. The Court expects the parties to jointly submit a proposed statement of the case. The statement of the case should be a summary of the case, including the title, nature of the action, plaintiff's position, nature of the defense, and defendant's position. (The Court's intent is to give the parties input into the statement that will be read to the jury during voir dire.)

B. Proposed Voir Dire Questions.

C. Proposed Jury Instructions. All proposed jury instructions are required to be jointly filed no later than February 7, 2003, except for those whose need could not be foreseen. Each proposed instruction shall be numbered and on a separate page and shall contain citation to legal authority. Jury instructions are to be submitted in the following format:

(i) The parties are required to jointly submit one set of agreed upon instructions. To this end, the parties are required to serve their proposed instructions upon each other two weeks prior to the filing deadline. The parties should then meet, confer, and submit one complete set of agreed upon instructions.

(ii) The original and three copies of the instructions shall be submitted to the Court in hard copy. In addition, the instructions shall be submitted on a 3.5" diskette, clearly labeled with the case name and number, in WordPerfect 9.0 format.

D. Proposed Special Verdict Forms.

3. Additional Documents for Non-Jury Trials. In all non-jury trials, counsel shall

submit proposed findings of fact and conclusions of law in addition to the documents listed in section 1, above.

4. Counsel for all parties are strongly encouraged to meet prior to trial to:

   A. Stipulate to all uncontested facts and matters not in controversy.

   B. Stipulate to which exhibits may be received without objection prior to trial.

   C. Discuss settlement.

Failure to Comply

The failure of any party to comply with the procedures outlined herein shall result in the imposition of an appropriate sanction.

Questions regarding the calendar may be directed to Lowell Lindquist, Calendar Clerk to Judge Frank, 700 Federal Courts Building, 316 North Robert Street St. Paul, Minnesota 55101, (651) 848-1296.

**UNDER THE SPEEDY TRIAL ACT, THE TRIAL OF CRIMINAL CASES MAY BE REQUIRED TO TAKE PRECEDENCE OVER THE TRIALS OF CIVIL CASES.**

Dated: January 7, 2003

DONOVAN W. FRANK
Judge of United States District Court

**BEFORE JUDGE DONOVAN FRANK**
**TRIAL CALENDAR FEBRUARY 18, 2003 THROUGH MARCH 3, 2003**
**COURTROOM NO. 2, 7TH FLOOR, ST PAUL**

---

1.
JAMES R. WALKER JURY TRIAL, 3-4 DAYS, CONTRACT

VS. CIV. 01-1795 (DWF/RLE)

UNUMPROVIDENT CORPORATION

For Pltf.: Stephen Cooper, Stacey Everson 612-338-3533

For Deft.: John Harper, III, Terrance Wagener 952-885-5999

---

2.
JOHN MUELLER NON-JURY TRIAL, ____ DAYS, TORT

VS. CIV. 01-1778 (DWF/RLE)

UNITED STATES OF AMERICA

For Pltf.: Kim Pennington 320-253-7879

For Deft.: Mary Jo Madigan 612-664-5600

---

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA


700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500


## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.